UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

BRIAN H.[1], )
)
    Plaintiff, )
)
v. ) CIVIL NO. 3:18cv738
)
ANDREW SAUL, )
Commissioner of Social Security, )
)
    Defendant. )

OPINION AND ORDER

Plaintiff has appealed from a final decision of the Commissioner of Social Security ("Commissioner") denying his application under the Social Security Act (the "Act") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (DE 1). The appeal was referred to Magistrate Judge Susan Collins on January 15, 2019, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1, for the issuance of a Report and Recommendation. (DE 17).

After considering the case, on May 30, 2019 Magistrate Judge Collins issued a Recommendation that the Commissioner's decision be affirmed. Plaintiff filed an objection to Magistrate Judge Collins' Report and Recommendation on June 14, 2019, to which the Commissioner responded on June 27, 2019.

In his objection, Plaintiff argues that Magistrate Judge Collins erroneously found that the ALJ properly addressed Plaintiff's physical impairments. Plaintiff argues that the ALJ provided an RFC that was based entirely upon his lay review of the medical record and failed to properly account for Plaintiff's physical impairments. Magistrate Judge Collins concluded that "the ALJ

---

[1] To protect privacy, Plaintiff's full name will not be used in this Order.

acknowledged that [Plaintiff] had some difficulty ambulating," and thus, the ALJ's decision concerning his ambulation is supported by substantial evidence. (MJ's R&R at 8). Plaintiff contends that the issue here is that the ALJ is not qualified to interpret medical findings into specific limitations without some kind of medical expert support, particularly when the ALJ is contradicting the opinion of an examining expert. Plaintiff also claims that the Magistrate Judge also never addressed the crux of Plaintiff's treating opinion argument: that the ALJ cherry-picked the record and falsely asserted that Dr. Kelly "does not cite to any specific clinical findings to support his extreme limitations". (MJ's R&R at 8).

The Magistrate Judge also found that the ALJ sufficiently accounted for Plaintiff's seizures. (MJ's R&R at 20). However, Plaintiff argues that the Magistrate Judge's conclusion that "some support" in the record is enough to support the ALJ's subjective symptom analysis illustrates that the evidence was less than substantial in supporting the ALJ's decision.

Upon review, the record shows that substantial evidence supports the ALJ's RFC finding. Although Plaintiff argues that the ALJ erred by assessing a RFC finding that was "less restrictive than [the opinion of the] State agency reviewers, contrary to a treating opinion, and without any medical support" (Pl.'s Obj. at 2), it is clear that the ALJ discussed the relevant evidence and provided a reasonable basis for the RFC finding (Tr. 36-38).

Plaintiff asserts that the ALJ "is not qualified to interpret medical findings into specific limitations" (Pl.'s Obj. at 2-3). However, as "the Seventh Circuit and this Court have repeatedly recognized, an ALJ is not required to rely entirely on a particular physician's opinion, nor must the ALJ choose between the opinions of any of the claimant's physicians" when assessing a claimant's RFC. *Music v. Comm'r of Soc. Sec.*, No. 3:18-cv-00006-MGG, 2019 WL 1236842, at

2

*3 (N. D. Ind. Mar. 18, 2019) (citing *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007)); *Hannah-Walker v. Colvin*, No. 2:12-CV-61-PRC, 2013 WL 5320664, at *10 (N.D. Ind. Sept. 23, 2013)). "[T]he determination of [Plaintiff's] RFC is a matter for the ALJ alone — not a treating or examining doctor — to decide." *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (internal citation omitted); see 20 C.F.R. §§ 404.1546(c), 416.946(c) (the ALJ is responsible for assessing a claimant's RFC).

In the present case, the ALJ explained that the State agency medical consultant determined that Plaintiff could do light work with seizure precautions (Tr. 38, 116-18). The ALJ gave considerable weight to that opinion (Tr. 38). However, the ALJ found Plaintiff more restricted – not less, as Plaintiff argues (Tr. 38). Given the evidence of a waddling gait and limping, the ALJ further restricted Plaintiff to standing/walking for no more than two of eight hours in the workday (Tr. 38, 404).

Additionally, the ALJ considered Dr. Kelly's opinion, but appropriately gave it limited weight because it contains "extreme limitations" that he found were "unsupported by the objective medical evidence of record" (Tr. 37-38). The ALJ did not, as Plaintiff asserts, "cherry pick the record" for evidence that supported his conclusion while ignoring unfavorable evidence (Tr. 36-38). To the contrary, the ALJ explained the evidentiary basis for his assessment of Dr. Kelly's opinion, including other medical evidence showing that Plaintiff had a normal range of motion, normal strength (5/5), and intact sensory/motor functions (Tr. 38, 364-65; R&R at 15-16). The ALJ also cited non-medical evidence demonstrating that Plaintiff had some restrictions, but he was not as limited as Dr. Kelly's opinion suggests (Tr. 36, 38). The ALJ appropriately weighed the evidence and reasonably accorded little weight to Dr. Kelly's opinion

3

(Tr. 37-38). Thus, substantial evidence supports the ALJ's evaluation of Dr. Kelly's opinion (R&R at 14-16; Tr. 37-38).

Plaintiff argues that his case should be remanded because the ALJ "fail[ed] to confront" evidence from Dr. Kelly indicating skull fractures from a fall (Pl.'s Obj. at 3). Magistrate Judge Collins considered – and rejected – this argument when evaluating the ALJ's findings at step three of the sequential evaluation process (R&R at 12). As noted in the R&R, neither Plaintiff nor Dr. Kelly provided evidence indicating that Plaintiff met or equaled all of the criteria of Listing 11.18B (R&R at 12). Plaintiff does not argue that Magistrate Judge Collins was incorrect with regard to this finding. It was Plaintiff's burden to demonstrate that he met all of the criteria of the listing, but he has not done so here (R&R at 12). 20 C.F.R. §§404.1520, 416.920; 20 C.F.R. Pt. 404, Subpt. P, App. 1; *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Plaintiff also challenges Magistrate Judge Collins's finding that substantial evidence supports the ALJ's analysis of Plaintiff's seizures. Noting that substantial evidence is a term of art in administrative law, the Supreme Court recently emphasized that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Here, the ALJ's decision contains substantial evidence supporting the finding that Plaintiff's seizure disorder is not as limiting as he suggests (Tr. 36-37). Magistrate Judge Collins considered Plaintiff's argument to the contrary, but found that the records Plaintiff relied upon "do not support his portrayal of the evidence" (R&R at 20).

Plaintiff next argues that Magistrate Judge Collins "never confronts [his] argument that the ALJ misstated the level of exertion involved in daily activities" (Pl.'s Obj. at 3). However, the R&R clearly addressed the argument (R&R at 18). As Magistrate Judge Collins indicated, the

4

ALJ's decision accurately summarized Plaintiff's daily activities (R&R at 18). The ALJ, did not, as Plaintiff argues, give "undue weight" to his activities of daily living (Tr. 36, 38). Magistrate Judge Collins concluded that the ALJ's finding that Plaintiff "'remains quite functional' and has 'an active and functional lifestyle' is supported by the record" (R&R at 18). Plaintiff has failed to show that any of the Magistrate Judge's findings were erroneous.

## Conclusion

On the basis of the foregoing, the Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Collins, and hereby AFFIRMS the Commissioner's Decision denying benefits to Plaintiff.

Entered: September 11, 2019.

s/ William C. Lee
William C. Lee, Judge
United States District Court